# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| MANUEL MONTEIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 19-10576-FDS |
| | ) | |
| CITY OF BROCKTON, CAPTAIN EMANUEL GOMES, JASON SULLIVAN, RONALD CUNNINGHAM, MATTHEW MURPHY, EVAN J. JOSEPH, NICOLE ANDERSON-PIERCE, and DAVID LUU, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON MOTION FOR REMAND

**SAYLOR, J.**

This is an action arising out of the arrest of Manuel Monteiro, a 55-year-old convenience store owner, by Brockton police officers. The complaint asserts claims of false arrest, battery, false imprisonment, malicious prosecution, abuse of process, and civil rights violations. Defendants, the City of Brockton and several police officers, removed the case from Superior Court under 28 U.S.C. § 1441(c) and § 1446, alleging federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff has filed a motion for remand for lack of subject-matter jurisdiction.

The first question is whether federal-question jurisdiction exists. Count 6 asserts a claim for interference with plaintiff's "exercise and enjoyment of his rights secured by the state and federal constitution or laws of the United States and/or the Commonwealth of Massachusetts," in particular, his "right to be free from unreasonable search and seizure; right to be free from arrest in the absence of probable cause to believe a crime has been committed; right to be free from punishment without the due process of law; right to be free from physical abuse." *Id*. Although

it does not refer specifically to 42 U.S.C. § 1983, that count clearly asserts a claim for violation of the "federal constitution or laws of the United States," and cites specific federal constitutional rights. The complaint therefore asserts a claim arising under federal law; because it does so, subject-matter jurisdiction exists under 28 U.S.C. § 1331, and the matter was properly removed to this court.

Plaintiff nonetheless contends that he did not intend to assert a claim arising under federal law. He has suggested—although he has not expressly stated—that he is willing to waive any federal claims in order to return the case to state court.

As a general matter, if a plaintiff submits a formal waiver dismissing his federal claims at an early stage of the case, the court will decline to exercise its supplemental jurisdiction over the state-law claims and remand the case. *See Gracia v. City of New Bedford*, Case No. 1:15-cv-13260-FDS (quoting 28 U.S.C. § 1367) (noting that "[i] f a 'district court has dismissed all claims over which it has original jurisdiction,' it 'may decline to exercise supplemental jurisdiction . . . .'" ). *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

In *Gracia*, this court remanded a similar case to state court where the plaintiff had stipulated that he waived "any claims under 42 U.S.C. § 1983." Memorandum and Order on Motion for Remand, Case No. 1:15-cv-13260-FDS (Feb. 4, 2016). While plaintiff's motion to remand acknowledges *Gracia*, plaintiff is only willing to stipulate "that he is not 'in fact alleging a federal claim' or any claim that 'necessarily depends' upon an issue of federal law." ECF No. 25. That statement is not a formal waiver. Plaintiff therefore has not waived his federal claims, and the court is required to exercise supplemental jurisdiction over the state-law claims. *See* 28

U.S.C. § 1367.

For the foregoing reasons, plaintiff's motion to remand is DENIED without prejudice.  If plaintiff in fact is willing to make a formal waiver of his federal claims, the Court will consider whether a remand is appropriate.  Plaintiff should submit such a formal waiver no later than October 18, 2019.

**So Ordered.**

Dated:  September 25, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge