UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANUEL MONTEIRO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BROCKTON, CAPTAIN ) <br> EMANUEL GOMES, JASON SULLIVAN, ) <br> RONALD CUNNINGHAM, MATTHEW ) <br> MURPHY, EVAN J. JOSEPH, NICOLE ) <br> ANDERSON-PIERCE, and DAVID LUU, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 19-10576-FDS |

## MEMORANDUM AND ORDER TO REMAND

**SAYLOR, J.**

This is an action arising out of the arrest of Manuel Monteiro, a 55-year-old convenience-store owner, by Brockton police officers. The complaint asserts claims of false arrest, battery, false imprisonment, malicious prosecution, abuse of process, and civil rights violations. On March 26, 2019, defendants, the City of Brockton and several police officers, removed the case from Superior Court under 28 U.S.C. § 1441(c) and § 1446, alleging federal-question jurisdiction under 28 U.S.C. § 1331.

On August 21, 209, plaintiff filed a motion for remand for lack of subject-matter jurisdiction. (Dkt. 25). On September 25, 2019, this Court denied that motion without prejudice. (Dkt. 34). The Court so held because the complaint asserted claims for violation of the "federal constitution or laws of the United States," which asserted a claim under federal law and thus created subject-matter jurisdiction under 28 U.S.C. § 1331. (*Id.* at 1-2). The Court also had

supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.  (*Id.* at 2).

At the time, the Court noted that remand remained possible.  When a plaintiff submits a formal waiver dismissing his federal claims at an early stage of the case, a federal court may decline to exercise its supplemental jurisdiction over the state-law claims and remand the case. *See Gracia v. City of New Bedford*, Case No. 1:15-cv-13260-FDS (quoting 28 U.S.C. § 1367) (noting that "[i]f a 'district court has dismissed all claims over which it has original jurisdiction,' it 'may decline to exercise supplemental jurisdiction . . . .'" ).  *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").  The Court therefore indicated that if plaintiff submitted a formal waiver of his federal claims, it would reconsider the remand question.  (Dkt. 34 at 2-3).

Plaintiff has now submitted such a waiver.  On October 30, 2019, he filed a Second Amended Complaint stating that "[p]laintiff specifically disclaims any intention to make, at this time, any claim under 42 U.S.C. § 1983."  (Dkt. 37 at 1-2).  Although the phrase "at this time" could be read as a reservation of rights to later raise such claims, his Assented-to Motion to Further Amend Complaint states that he "explicitly disclaims making any [§ 1983] claim."  (Dkt. 35 ¶ b).  Accordingly, the Court reads the Second Amended Complaint as explicitly and completely disclaiming any intent to assert a federal claim.

Thus, while subject-matter jurisdiction under § 1331 existed at the time of removal, the complaint now asserts only state-law claims.  Under the circumstances, exercising supplemental jurisdiction over the state-law claims would be inappropriate, and the case will therefore be remanded to state court.  *See Carnegie-Mellon Univ.*, 484 U.S. at 357.

For the foregoing reasons, this case is REMANDED to the Superior Court for the

Commonwealth of Massachusetts.

**So Ordered.**

Dated: November 21, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge